1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

LAURA SANCHEZ,                    )   Case No. CV 15-04268-AS
                                  )
            Plaintiff,            )   **MEMORANDUM OPINION AND**
                                  )
      v.                          )   **ORDER OF REMAND**
                                  )
CAROLYN W. COLVIN,                )
Acting Commissioner of the        )
Social Security Administration,)
                                  )
            Defendant.            )
_____    )

      Pursuant to Sentence 4 of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED
that this matter is remanded for further administrative action
consistent with this Opinion.


                          **PROCEEDINGS**


      On June 8, 2015, Plaintiff filed a Complaint seeking review of the
denial of her application for Disability Insurance Benefits. (Docket
Entry No. 1). The parties have consented to proceed before the
undersigned United States Magistrate Judge. (Docket Entry Nos. 12, 14).

On October 21, 2015, Defendant filed an Answer along with the Administrative Record ("AR"). (Docket Entry Nos. 16-7). On March 14, 2016, the parties filed a Joint Statement ("Joint Stip.") setting forth their respective positions regarding Plaintiff's claims. (Docket Entry No. 20).

The Court has taken this matter under submission without oral argument. See C.D. Cal. L.R. 7-15; "Order Re: Procedures In Social Security Case," filed June 9, 2015 (Docket Entry No. 9).

## BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On December 13, 2011, Plaintiff, formerly employed as a sales director for a bowling company and a telemarketer for a computer products company (see AR 168, 174, 186-88), filed an application for Disability Insurance Benefits, alleging an inability to work because of her disabling condition since November 10, 2010. (See AR 147-49). On August 19, 2013, the Administrative Law Judge ("ALJ"), Mary L. Everstine, heard testimony from Plaintiff (represented by counsel) and vocational expert Sharon Spaventa. (See AR 34-51). On August 23, 2013, the ALJ issued a decision denying Plaintiff's application. (See AR 19-26). After determining that Plaintiff had severe impairments -- "type II diabetes; low back pain; obesity; alleged fibromyalgia/pain disorder; depression and anxiety" (AR 21) -- but that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the Listed Impairments (AR 21-21), the ALJ found that Plaintiff

had the residual functional capacity ("RFC")[1] to perform medium work[2] with the limitations of "simple repetitive tasks requiring only incidental interaction with coworkers, supervisors, and the public." (AR 22-25).  The ALJ then determined that Plaintiff was unable to perform any past relevant work (AR 25), but that jobs existed in significant numbers in the national economy that Plaintiff can perform, and therefore found that Plaintiff was not disabled within the meaning of the Social Security Act.  (AR 25-26).

Plaintiff requested that the Appeals Council review the ALJ's decision. (See AR 15).  The request was denied on April 7, 2015. (See AR 1-5).  The ALJ's decision then became the final decision of the Commissioner, allowing this Court to review the decision.  See 42 U.S.C. §§ 405(g), 1383(c).

**PLAINTIFF'S CONTENTIONS**

Plaintiff alleges that the ALJ erred in failing to: (1) grant Plaintiff's application after crediting Dr. Tailor's opinions about Plaintiff's limitations; (2) properly support the decision to ignore Dr. Tailor's opinion; (3) properly evaluate whether Plaintiff met Listing 12.04; (4) determine a RFC not corresponding to any medical opinions;

---

[1]     A Residual Functional Capacity is what a claimant can still do despite existing exertional and nonexertional limitations.  See 20 C.F.R. §§ 404.1545(a)(1).

[2]     "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c).

1  and (5) present a complete hypothetical to the vocational expert. (<u>See</u>
2  Joint Stip. at 11-12, 21-28, 31-37, 39-43, 45-51).

3

4  **DISCUSSION**

5

6  After consideration of the record as a whole, the Court finds that
7  Plaintiff's third and fifth claims of error warrant a remand for further
8  consideration.   Accordingly, the Court will not address Plaintiff's
9  first, second and fourth claims of error.

10

11  **A.   The ALJ Did Not Properly Evaluate Whether Plaintiff Met Listing**
12  **12.04**

13

14  Plaintiff asserts that the ALJ failed to properly evaluate whether
15  Plaintiff met Listing 12.04.  (<u>See</u> Joint Stip. at 11, 35-37, 39-40).
16  Defendant asserts that the ALJ properly found that Plaintiff did not
17  meet Listing 12.04.  (<u>See</u> Joint Stip. at 38-39).

18

19  If a claimant suffers a severe impairment, the ALJ is required to
20  decide whether the impairment meets or equals one of the listed
21  impairments.  <u>See</u> 20 C.F.R. §§ 404.1520(c), (d); <u>Marcia v. Sullivan</u>, 900
22  F.2d 172, 174 (9th Cir. 1990).  Disability is presumed if a claimant's
23  impairment or combination of impairments meets or is medically
24  equivalent to one of the listed impairments. <u>Id.</u> at 175; 20 C.F.R.  §
25  404.1520(d); <u>Bowen v. Yuckert</u>, 482 U.S. 137, 141-42 (1987); <u>Lewis v.</u>
26  <u>Apfel</u>, 236 F.3d 503, 514 (9th Cir. 2001); <u>Barker v. Secretary of Health</u>
27  <u>& Human Servs.</u>, 882 F.2d 1474, 1477 (9th Cir. 1989).  An impairment
28  meets a listed impairment if a claimant has "a medically determinable

4

impairment(s) that satisfies all of the criteria of the listing." 20 C.F.R. § 404.1525(d); see also Sullivan v. Zebley, 493 U.S. 521, 531 (1990). The criteria of a listed impairment cannot be met solely based on a diagnosis. 20 C.F.R. § 404.1525(d); see also Key v. Heckler, 754 F.2d 1545, 1549-50 (9th Cir. 1985). An impairment is "medically equivalent to a listed impairment . . . if it is at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 404.1526(a); Young v. Sullivan, 911 F.2d 180, 181 (9th Cir. 1990). If an impairment is not described in the listed impairments, or if the combination of impairments does not meet one of the listed impairments, the determination of medical equivalence is based on a comparison of findings (concerning a claimant) "with those for closely analogous listed impairments." 20 C.F.R. § 404.1526(b)(2), (3). The decision is based on "all evidence in [a claimant's] record about [his or her] impairment(s) and its effect on [a claimant] that is relevant to this finding" and on designated medical or psychological consultants. 20 C.F.R. § 404.1526(c).

Listing 12.04 concerns affective disorders: "Characterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome. Mood refers to a prolonged emotion that colors the whole psychic life; it generally involves either depression or elation." 20 C.F.R. § 404, Subpart P, Appendix 1, Listing of Impairments 12.04. Listing 12.04 is met if Plaintiff has a depressive syndrome (based on at least four listed characteristics) and which resulted in Plaintiff having at least two of the following (known as the "paragraph B" criteria): "Marked restriction of activities of daily activities of daily living"; "Marked difficulties in maintaining social functioning";

5

"Marked difficulties in maintaining concentration, persistence, or pace;
or "Repeated episodes of decompensation, each of extended duration."

In the section dealing with the Listings, the ALJ wrote:

> After reviewing all the documentary evidence and
> testimony of record, the undersigned concludes the claimant's
> impairments do not meet or equal any of the criteria set forth
> in any of the listed impairments set forth in Appendix 1,
> Subpart P, Regulations No. 4.   In reaching this conclusion,
> the undersigned has considered the opinions of the State
> Agency medical consultants who evaluated this issue at the
> initial and reconsideration levels of the administrative
> review process and reached the same conclusion (20 CFR
> 404.1527(f), 416.927(f); SSR 96-5p0.

> The severity of the claimant's mental impairment does not
> meet or equal the criteria of listing 12.04.   In making this
> finding, the undersigned has considered whether the "paragraph
> B" criteria are satisfied.   To satisfy the "paragraph B"
> criteria, the mental impairment must result in at least two of
> the following: marked restriction of activities of daily
> living; marked difficulties in maintaining social functioning;
> marked difficulties in maintaining concentration, persistence,
> or pace; or repeated episodes of decompensation, each of
> extended duration.   A marked limitation means more than
> moderate but less than extreme.   Repeated episodes of
> decompensation, each of extended duration, means three

episodes within 1 year, or an average of once every 4 months, each lasting for at least 2 weeks.

In activities of daily living, the claimant has mild restriction.  While the claimant has reports of agoraphobia, the claimant recently noted that she was socializing more (Exhibit 18F at 10).

In social functioning, the claimant has moderate difficulties.  While the claimant has reported anxiety and agoraphobia, she recently reported that these were improving and she was making new friends and socializing (Exhibit 18F at 10).

With regard to concentration, persistence or pace, the claimant has moderate difficulties.  The claimant's persistence is compromised as she testified that she is required to lay down much of the day.

As for episodes of decompensation, the claimant has experienced no episodes of decompensation, which have been of extended duration.

Because the claimant's mental impairment does not cause at least two "marked" limitations or one "marked" limitation and "repeated" episodes of decompensation, each of extended duration, the "paragraph B" criteria are not satisfied.

1  (AR 21-22).

2

3      Here, the ALJ made the determination about whether Plaintiff met
4  Listing 12.04 based solely on the opinions of the State Agency medical
5  consultants. (See AR 21-22). Thus, the ALJ failed to consider the
6  opinion of Plaintiff's treating physician, Recha Taylor, M.D., who
7  opined that Plaintiff had a "marked" difficulty in maintaining social
8  functioning (see AR 492) and that "repeated episodes of deterioration or
9  decompensation in work or work-like settings which cause [Plaintiff] to
10 withdraw from the situation or experience exacerbation of signs and
11 symptoms (which may include deterioration of adaptive function" were
12 "present" (see AR 493). See Lewis v. Apfel, 236 F.3d 503, 512 (9th Cir.
13 2001)("An ALJ must evaluate the relevant evidence before concluding that
14 a claimant's impairments do not meet or equal a listed impairment.");
15 see also Ramirez v. Shalala, 8 F.3d 1449, 1453-54 (9th Cir. 1992)(ALJ
16 erred in failing to consider the treating physician's diagnosis in the
17 determination of whether plaintiff met Listing 12.04).

18

19     Moreover, the ALJ also failed to determine whether Dr. Taylor's
20 opinion that "[d]eficiencies of concentration, persistence or pace
21 resulting in frequent failure to complete tasks in a timely manner (in
22 work settings or elsewhere)" were "present" (see AR 493) was actually an
23 opinion that Plaintiff had marked difficulties in maintaining
24 concentration, persistent or pace. See Tonapetyan v. Halter, 242 F.3d
25 1144, 1150 (9th Cir. 2001)(the ALJ's duty to develop the record is
26 triggered when there is "ambiguous evidence" or when "the record is
27 inadequate to allow for proper evaluation of the evidence"); Brown v.
28 Heckler, 713 F.2d 441, 443 (9th Cir. 1983) ("In Social Security cases

8

the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered[,]" even when the claimant is represented by counsel); see also Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996)(Where the evidence in the record is insufficient to evaluate a treating physician's opinions, an ALJ has "a duty to conduct an appropriate inquiry, for example, by subpoenaing the physicians or submitting further questions to them" or by "continuing the hearing to augment the record") (citations omitted).[3]

**B.    The ALJ Failed to Present a Complete Hypothetical to the Vocational Expert**

Plaintiff asserts that the ALJ failed to give a complete hypothetical to the vocational expert in that there was no reference that Plaintiff was moderately limited in her ability to maintain concentration, persistence and pace. (Joint Stip. at 47-50). Defendant asserts that the hypothetical given to the vocational expert was complete, since "more restrictive limitations were not supported by the overall treating records and not warranted in the residual functional capacity finding." (See Joint Stip. at 49-50).

---

[3]    Defendant's attempt to support the ALJ's determination that Plaintiff did not meet Listing 12.04 with reasons not given by the ALJ in the decision, (see Joint Stip. at 38-39), is unavailaing; the Court will not consider those reasons.  See Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts."); Pinto v. Massanari, 249 F.3d 840, 847-48 (9th Cir. 2001); SEC v. Chenery Corp., 332 U.S. 194, 196 (1947).

The ALJ asked the vocational expert about the following hypothetical person: "closely approaching advanced age," a high school education, the same work experience as Plaintiff, limited to medium work, and "further limited to simple, repetitive tasks, requiring only incidental interaction with coworkers, supervisors, and the public." The vocational expert testified that such a person could perform the jobs of hand packer (DOT 920.587-018) and janitor (DOT 381.687-018). (See AR 48-49).

Plaintiff's counsel then changed the hypothetical to include a person who was moderately (occasionally [30 percent of the workday]) impaired in the abilities to remember the locations of work-like procedures, understand and remember detailed instructions, maintain attention and concentration for extended periods, perform activities within a schedule and maintain regular attendance and be punctual within customary tolerances, work in coordination with proximity with others without being distracted by them, interact appropriately with the general public, to accept instructions and respond appropriately, and get along with coworkers and peers without distracting them or exhibiting behavioral extremes. The vocational expert testified that, assuming that those limitations interfered with productivity 10 percent or more, such a person could not perform any jobs. (See AR 49-50).

A hypothetical question to a vocational expert must accurately reflect a claimant's limitations, including any limitations in maintaining concentration, persistence and pace. See Robbins v. Social Sec. Admin., 466 F.3d 880, 886 (9th Cir. 2006)(". . . [I]n hypotheticals posed to a vocational expert, the ALJ must only include those

limitations supported by substantial evidence"); <u>Thomas v. Barnhart</u>, 278 F.3d 947, 956 (9th Cir. 2002)("In order for the testimony of a VE to be considered reliable, the hypothetical posed must include 'all of the claimant's functional limitations, both physical and mental' supported by the record.")(citations omitted); <u>Embrey v. Bowen</u>, 849 F.2d 418, 422 (9th Cir. 1988)("Hypothetical questions posed to the vocational expert must set out *all* the limitations and restrictions of the particular claimant . . . ."). Where a hypothetical question fails to "set out all of the claimant's impairments," the vocational expert's answers to the question cannot constitute substantial evidence to support the ALJ's decision. <u>See DeLorme v. Sullivan</u>, 924 F.2d 841, 850 (9th Cir. 1991); <u>Gamer v. Secretary</u>, 815 F.2d 1275, 1280 (9th Cir. 1987); <u>Gallant v. Heckler</u>, 753 F.2d 1450, 1456 (9th Cir. 1984).

Here, the ALJ failed to give the vocational expert a hypothetical question that included Plaintiff's moderate difficulties in her ability to maintain concentration, persistence or pace. <u>See Willard v. Colvin</u>, 2016 WL 237068, *3 (C.D. Cal. Jan. 20, 2016)("But the Ninth Circuit has held that when the medical evidence establishes and the ALJ accepts that the claimant has moderate limitation in maintaining concentration, persistence, and pace, that limitation must be reflected in the Plaintiff's RFC and in the hypothetical presented to the vocational expert.") (citing <u>Brink v. Comm'r. Soc. Sec. Admin.</u> 343 Fed.Appx 211, 212 (9th Cir. 2009) [rejecting the Commissioner's contention that the phrase "simple, repetitive work" eoncompasses difficulties with concentration, presistence or pace]); <u>Bentacourt v. Astrue</u>, 2010 WL 4916604, *3 (C.D. Cal. Nov. 27, 2010)(the ALJ failed to include the claimant's limitations in concentration, persistence and pace in a

hypothetical question to the vocational expert); <u>Lubin v. Comm'r of Soc. Admin.</u>, 507 Fed.Appx 709, 712 (9th Cir. 2012) ("Although the ALJ found that [the claimant] suffered moderate difficulties in maintaining concentration, persistence, or pace, the ALJ erred by not including this limitation in the residual functional capacity determination or in the hypothetical question to the vocational expert.").

Defendant's contention that the limitations in the ALJ's hypothetical question to the vocational expert (medium work, simple repetitive tasks, incidental interaction with coworkers, supervisors and the public) sufficiently accounted for Plaintiff's limitation in maintaining concentration, persistence or pace (see Joint Stip. at 49-50) is unpersuasive. <u>See</u> <u>Woodward v. Colvin</u>, 2015 WL 8023227, *7 (C.D. Cal. Dec. 4, 2015)("Where the medical testimony does not establish any specific _restrictions_ based on a claimant's difficulty with concentration, persistence, or pace, or social functioning, the ALJ does not err in adopting the physician's limitation to simple tasks."); <u>Janovich v. Colvin</u>, 2014 WL 4370673, *7 (E.D. Cal. 2014)(when "the ALJ found at step 3 of the sequential evaluation that the medical record of evidence established that plaintiff had moderate difficulties in maintaining concentration, persistence or pace, <u>Stubbs-Danielson [v. Astrue</u>, 539 F.3d 1169 (9th Cir. 2008)[4]] is not controlling here").

---

[4]    In <u>Stubbs-Danielson v. Astrue</u>, <u>supra</u>, 539 F.3d at 1174, the Ninth Circuit held that "an ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace when the assessment is consistent with restrictions identified in the medical testimony."  In <u>Stubbs-Danielson</u>, one doctor found that the plaintiff had a "slow pace, both with thinking and her actions," was moderately limited in her ability "to perform at a consistent pace without an unreasonable number and length of rest periods, and was
(continued...)

1
2

**C.   Remand Is Warranted**

3
4
5
6
7
8
9
10
11
12
13
14
15

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000).  Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.  Id. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings.").  However, where, as here, the circumstances of the case suggest that further administrative review could remedy the Commissioner's errors, remand is appropriate.  McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); Harman v. Apfel, supra, 211 F.3d at 1179-81.

16
17
18
19
20
21

Since the ALJ failed to properly evaluate whether Plaintiff met Listing 12.04, and failed to present a complete hypothetical to the vocational expert, remand is appropriate.  Because outstanding issues must be resolved before a determination of disability can be made, and "when the record as a whole creates serious doubt as to whether the

22
23
24
25
26
27

⁴  (...continued)
mildly limited in other mental functioning areas, and another doctor found the plaintiff had a "slow pace, both in thinking & actions" and was moderately limited in other mental functional limitations.  Id. at 1173.  Based on the fact that there was medical testimony -- the second doctor's opinion -- that the plaintiff had the ability to perform simple tasks, the Ninth Circuit found that the ALJ did not err in finding that the plaintiff had the RFC to perform simple, routine work.  Id. at 1173-75 ("The ALJ translated Stubbs-Danielson's condition, including the pace and mental limitations, into the only concrete restrictions available to him--Dr. Eather's recommended restriction to 'simple tasks.'").

28

[Plaintiff] is, in fact, disabled within the meaning of the Social Security Act," further administrative proceedings would serve a useful purpose and remedy defects. <u>Burrell v. Colvin</u>, 775 F.3d 1133, 1141 (9th Cir. 2014)(citations omitted).[5]

**ORDER**

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings pursuant to Sentence 4 of 42 U.S.C. § 405(g).

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 3, 2016

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

---

[5]    The Court has not reached any other issue raised by Plaintiff except to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time. "[E]valuation of the record as a whole creates serious doubt that Plaintiff is in fact disabled." <u>See</u> <u>Garrison v. Colvin</u>, 759 F.3d 995, 1021 (2014).  Accordingly, the Court declines to rule on Plaintiff's claims regarding the ALJ's failure to grant Plaintiff's application after crediting Dr. Tailor's opinions about Plaintiff's moderate limitations (<u>see</u> Joint Stip. at 11-12, 21-24), the ALJ's rejection of Dr. Tailor's opinions (<u>see</u> Joint Stip. at 24-28, 31-35), and the ALJ's determination about Plaintiff's RFC which did not correspond to any medical opinions (<u>see</u> Joint Stip. at 41-43, 45-47).  Because this matter is being remanded for further consideration, these issues should also be considered on remand.

14